# In the United States Court of Federal Claims

No. 22-302
Filed: March 29, 2022

|  |
|---|
| **OMAR MEDINA ALEJANDRO,**         *Plaintiff*, **v.** **THE UNITED STATES,**         *Defendant*. |

## OPINION AND ORDER

**TAPP, Judge.**

Plaintiff Omar Medina Alejandro ("Mr. Alejandro"), pro se, seeks $60,000,000 arising from what he characterizes as a violation of the Fourth Amendment to the United States Constitution and the Presidential Oath of Office. (Compl. at 1, ECF No. 1). Because Mr. Alejandro fails to state any claims within the Court's subject-matter jurisdiction, his Complaint must be dismissed.

The issue of whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). If the Court finds at any time that it lacks subject-matter jurisdiction, dismissal is required. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

The Court of Federal Claims possesses jurisdiction over alleged violations that mandate payment of money damages by the Federal Government. 28 U.S.C. § 1491(a)(1). The Tucker Act, the primary statute setting the Court's jurisdiction, limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. *Id*. Thus, standing alone, invocation of the Tucker Act is insufficient; a plaintiff must also identify a qualifying money mandating source such as a contract, statute, or regulation. *Livingston v. Derwinski*, 959 F.2d 224, 224 (1992) ("[M]ere recitation of a basis for jurisdiction by either party or a court, is not controlling; we must look to the true nature of the action.).

Pro se plaintiffs, such as Mr. Alejandro, are "not expected to frame issues with the precision" of parties represented by counsel. *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558

(Fed. Cir. 1987). Therefore, pro se plaintiffs' complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, there is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011). In reviewing pro se claims, the Court may excuse ambiguities, but not defects. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (finding that pro se status does not relieve plaintiffs of the obligation to demonstrate jurisdiction by a preponderance of the evidence).

The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."). Mr. Alejandro cannot shoulder that burden.

Mr. Alejandro's Complaint, distilled to its charitable essence, alleges that his constitutional "right to be secure" in his residence has been abridged by unspecified actors who persistently complain to Mr. Alejandro about topics of a nature not appropriately recounted here. (Compl. at 1). Mr. Alejandro further claims the President of the United States violated his Oath of Office by failing to act upon Mr. Alejandro's reports of these invasions. (*Id.*). Although Mr. Alejandro names the United States as a defendant, nothing in his Complaint can be fairly construed as falling within this Court's money-mandating jurisdiction. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) ("[A] statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'") (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

The Fourth Amendment to the United States Constitution is not money-mandating. *Pekrul v. United States*, 792 F. App'x 836, 838 (Fed. Cir. 2020) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction . . . ."). Likewise, violation of an oath of office is not compensable by monetary damages. *Taylor v. United States*, 139 Fed. Cl. 4, 8 (2018) ("An oath of office . . . is not a contract, and in any event, claims arising from the alleged failure to abide by that oath sound in tort," over which "the United States Court of Federal Claims does not have jurisdiction.") (citing 28 U.S.C. § 1491(a)(1)); *Nalette v. United States*, 72 Fed. Cl. 198, 202 (2006).

Mr. Alejandro also has a record of filing frivolous complaints. *See e.g.*, *Alejandro v. United States*, Case No. 21-262, Doc. No. 4 (D.D.C. Feb. 5, 2021) (dismissing claims as frivolous); *Alejandro v. United States*, Case No. 22-392, Doc. No. 4 (D.D.C. Mar. 9, 2022) (dismissing for failure to "comply with the minimal pleadings standard[s]"); *Alejandro v. Biden*, Case No. 22-405, Doc. No. 3 (D.D.C. Mar. 9, 2022) (characterizing Mr. Alejandro's claims as "wholly insubstantial" and "obviously frivolous"). Mr. Alejandro appears before this Court with claims that are "strikingly similar" to claims other federal courts have found to be frivolous on several occasions. *Grant v. United States*, 129 Fed. Cl. 790, 792–93 (2017). Based on Mr. Alejandro's history of vexatious and duplicative litigation, the Court is not inclined to review

additional filings from Mr. Alejandro in this matter that are not in compliance with this Court's rules.

Plaintiff's motion for Leave to Proceed *in forma pauperis,* (ECF No. 2), is **GRANTED**, and the Complaint (ECF No. 1) is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). Mr. Alejandro has also submitted two motions labeled as Motions for Emergency Relief. Because the Court lacks subject-matter jurisdiction over Mr. Alejandro's claims, these motions, (ECF Nos. 6, 7), are **DENIED**.

The Clerk is directed to **REJECT** any future submissions in this matter unless such filings comply with this Court's rules regarding post-dismissal submissions. The Court further **CERTIFIES** that any appeal from this decision would not be taken in good faith. *See* 28 U.S.C. § 1915 (a)(3).

**IT IS SO ORDERED.**



s/      David A. Tapp
DAVID A. TAPP, Judge